CHAMBERS et al. v. COOK et al.

(Court of Civil Appeals of Texas. Dec. 3, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)— SCHOOL TAXES—ELECTION.

Under Acts 31st Leg. c. 12, § 154, providing that trustees of incorporated school districts shall have power to levy an annual ad valorem tax not to exceed 50 cents on the $100 for the maintenance of schools and to issue bonds for buildings purposes, provided that the amount of the maintenance tax together with the amount of bond tax of the district shall never exceed 50 cents on the $100, and provided that no such tax shall be levied and no such bond issued until after an election wherein a majority of those voting shall have voted in favor thereof, and section 78, providing that, when bonds

are voted, the maintenance tax shall be reduced to the difference between the rate of the bond tax and 50 cents, it is not material to the validity of a maintenance tax and bond issue that they were voted at different times, though the tax is apportioned 25 cents on the $100 to the maintenance of schools and 25 cents to the payment of the bonds.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)— SCHOOL TAXES — ASSESSMENT — EQUALIZATION.

Where the board of trustees of an independent school district in levying a tax for the maintenance of schools and for the payment of bonds fails to appoint a board of equalization or to make a separate tax roll for the benefit of the school district as required by law, the tax is invalid; the fact that each individual's name was placed on the county tax rolls, and that the county commissioners had theretofore passed on the rolls as a board of equalization, not meeting the requirements of the law.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by W. B. Chambers and others against W. C. Cook and others. From the judgment plaintiffs appeal and defendants file cross-assignments of error. Affirmed in part, and reversed and rendered in part.

R. C. Merritt and L. J. Truett, for appellants. Abernathy & Abernathy, for appellees.

RAINEY, C. J. This suit was brought by Chambers and others to enjoin the trustees of the Copeville independent school district, Reeves, the tax assessor, and Moore, the tax collector of Collin county, from levying and collecting a tax of 50 cents on the $100 valuation of the property in said district, and the issuance of bonds. On a trial the court rendered a judgment enjoining the tax for the issuance of bonds, but sustained a levy of 25 cents for the maintenance of schools. The appellants appeal from the judgment of the court not enjoining the tax for maintenance of schools, and the appellees file cross-assignments of error to the action of the court in enjoining the tax for the issuance of bonds.

The court finds substantially that on April 2, 1909, the Copeville independent school district, by an election duly held, was incorporated for school purposes only; that on June 12, 1909, the trustees having been elected, by their order, another election was held in said district to determine whether or not a tax of 50 cents on the $100 valuation should be levied for maintaining the public schools. The election resulted by a majority vote for the levy of the tax at said election. The presiding officer was not sworn, and he administered an oath to the other judges and clerks of the election, but the oath administered was not the oath prescribed under the election laws of Texas. "Afterwards the court finds that the board of trustees

ordered another election to determine whether a tax should be levied upon the property of the district and for the purpose of determining whether bonds aggregating the sum of $4,500 and which bore interest at 5 per cent. and were to be payable in 20 years, the money to be used for the purpose of building a wooden schoolhouse should be issued, and which election was held on the 4th day of August, 1909, and resulted in favor of the issuance of bonds. At said election the form of the ballot had printed on it 'For the Bonds' and 'Against the Bonds,' but said ballot nowhere submitted the issue of 'For the Tax' and 'Against the Tax.' The presiding officer who held the election was not sworn, and he failed to administer to the judges and clerks who assisted him in holding the election the oath prescribed by the laws of Texas to be administered to those holding an election. * * * The court further finds as a fact that the board of trustees apportioned the maintenance tax voted for on the 12th of June, 1909, as follows: 25 cents on the $100 ad valorem was to be used for the maintenance of the public schools, and 25 cents on the $100 ad valorem was to be used for the payment of the bonds, including interest and sinking fund. The board of trustees also notified I. E. Reeves, as tax assessor of Collin county, to add said respective amounts to the county rolls, and ordered W. T. Moore, tax collector of Collin county, to collect said respective amounts at the same time he collected other taxes. There never was any separate tax rolls made by the tax assessor or any one else for the purpose of determining the amount each taxpayer resident in the Copeville independent district owed on said school tax. There never was any board of equalization for said Copeville independent school district selected or appointed by the board of trustees as provided in the case of cities and towns, which are independent school districts. All that was done was that W. C. Cook, who was the president of the board of trustees of the Copeville independent school district, as the representative of said board, came to I. E. Reeves, who was the tax assessor of Collin county, Tex., and represented that a tax had been voted on at an election held for that purpose, and which tax was carried by a majority vote of the taxpayers agreeing to a tax of 50 cents on the $100 worth of property to be levied for school purposes, and they together made out a list from the original rolls and the original assessment for the county of Collin and state made by I. E. Reeves of the individual property holders and taxpayers of the Copeville independent school district, and put opposite the names of said taxpayers and property holders, respectively, in said district, the amount which each one was liable for in proportion to his property at the rate of 50 cents on the $100. This list was never sworn to in writing by W. C. Cook or any one else, and it was left with the assessor, I. E. Reeves, but Cook did make a verbal oath that the parties whose names are set out in said list did own property in the territory described and embraced in the Copeville independent school district."

Section 154, Acts 31st Leg. 1909, p. 21, reads: "Trustees of incorporated districts that have been or may hereafter be incorporated under general or special laws, for school purposes only, shall have power to levy and collect an annual ad valorem tax not to exceed fifty cents on the one hundred dollars valuation of taxable property of the district for the maintenance of schools therein, and a tax not to exceed twenty-five cents on the one hundred dollars for the purchase of sites and the purchasing, construction, repairing or equipping public free school buildings within the limits of such incorporated districts; provided, that the amount of maintenance tax, together with the amount of bond tax of the district, shall never exceed fifty cents on the one hundred dollars valuation of taxable property. Said trustees shall have power to issue coupon bonds of the district for building purposes, to be made payable not exceeding forty years from date, in such sums as they shall deem expedient, to bear interest not to exceed five per cent. per annum; provided, that when such buildings are to be wooden the bonds herein provided for shall not run for a longer period than twenty years; provided that the aggregate amount of bonds issued for the above named purpose shall never reach such an amount that the tax of twenty-five cents on the hundred dollars valuation of property in the district will not pay current interest and provide a sinking fund sufficient to pay the principal at maturity, and provided further, that no such tax shall be levied and no such bonds issued until after an election shall have been held wherein a majority of the tax-paying voters voting at said election shall have voted in favor of the levying of said tax, of the issuance of said bonds, or both, as the case may be; provided, that the specific rate of tax need not be determined in the election."

Construing this act, this court held in Itasca Independent School District v. McElroy, 124 S. W. 1011, that an election which was held to determine whether or not a tax could be levied for maintenance of public schools and for the issuance of bonds not to exceed 50 cents on the $100 valuation was valid, though the per cent. for each object was not specified in the order of the board. In that instance the election was held on the same day for ascertaining the desire of the voters as to both the maintenance of the schools and for the issuance of the bonds. In the instant case an election was held to determine whether or not the full amount allowed by law should be levied, which was carried, and nearly two months thereafter another election was held to determine whether or not

bonds should be issued. But the vote being at different times seems to be immaterial, as the law contemplates that, when bonds are voted, the maintenance tax shall be reduced to the difference between the rate of the bond tax and 50 cents. Section 78, Acts 31st Leg. 1909, p. 20.

The board of trustees failed to comply with the law in relation to the assessment of the taxes, both as to the maintenance tax and as to the bond tax. The law requires the appointment of a board of equalization by the trustees to equalize the value of the property assessed, that the tax may be equal and uniform in the district. It requires a list of the taxpayers, their property, etc. In other words, it requires to be made out a separate tax roll for the benefit of the independent school district, but this was not done in the Copeville independent school district.

These requirements of the law were not complied with, and this failure to so comply renders the assessment of the taxes for the issuance of bonds and the maintenance of schools illegal. The fact that each individual's name was placed on the county tax rolls and that the county commissioners had theretofore passed upon the rolls as a board of equalization does not meet the requirements of the law in regard to the assessment in this instance, and we feel constrained to hold that the law has not been complied with in either respect as to the assessment of said taxes, and the court erred in rendering judgment not enjoining the maintenance tax.

The judgment is affirmed as to the tax in reference to bonds, and reversed and here rendered for appellants as to the tax in reference to maintenance.