GULF, C. & S. F. RY. CO. v. BLUM INDEPENDENT SCHOOL DIST.†

(Court of Civil Appeals of Texas. Austin. Dec. 1, 1911. On Motions for Rehearing, Dec. 20, 1911, and Jan. 31, 1912.)

On Motion for Rehearing.

1. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—PUBLIC SCHOOLS — SCHOOL TAXES—ASSESSMENT.

Under School Law (Acts 29th Leg. c. 124) § 57, providing that "all property assessed for school purposes shall be assessed at the rate of value of property as said property is assessed for state and county purposes; provided that in all assessments for taxing purposes under this bill, all property shall be assessed at the valuation fixed for said property for state and county purposes"—the trustees of an independent school district cannot assess property for taxation for school purposes at a higher valuation than assessments for state and county purposes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.*]

On Second Motion for Rehearing.

2. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SCHOOL TAXES — ASSESSMENT — STATUTES — CONSTRUCTION.

School Law (Acts 29th Leg. c. 124) consists of five distinct headings, and section 57, providing that, in all assessments for taxing purposes under the bill, the property shall be assessed at the valuation fixed for state and county purposes, is found under the heading "Common Schools," while section 161, found under the heading of "Towns and Villages Incorporated for School Purposes Only," provides that the trustees shall be vested with all the powers, rights, and duties in regard to the establishing and maintaining of free schools, including the power of taxation for free school purposes, as are conferred on the councils of incorporated cities and towns. Held, that section 57 applies to all taxes levied under the bill, which means the entire act, and so limits section 161.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

3. STATUTES (§ 205*)—CONSTRUCTION.

Every word in a legislative enactment is presumed to have been intentionally used for the purpose of making clear the legislative intent.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 282; Dec. Dig. § 205.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SCHOOL TAXES — ASSESSMENT — STATUTES — CONSTRUCTION.

School Law (Acts 29th Leg. c. 124) § 57, under the heading "Common Schools," providing that all assessments of property under the bill shall be at the valuation fixed for state and county purposes, is under the subhead "Taxation," while sections 160 and 161, under the heading "Towns and Villages Incorporated for School Purposes Only" respectively provide for the election of a board of trustees to act as a managing body, and that they shall be vested with full powers of management, including the powers and manner of taxation for school purposes, and are under the subhead "Election of Trustees." Held that, as implied repeals are not favored, and as an entire act should be construed together, so that all sections may stand, the power of trustees of independent school districts to levy taxes is limited by section 57.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—SCHOOL TAXES — ASSESSMENT.— STATUTES — CONSTRUCTION.

School Law (Acts 29th Leg. c. 124) § 57, expressly declaring that all assessments of property for taxes under the bill shall be made at the valuation fixed for state and county purposes, being an express declaration, controls section 165, which inferentially indicates that trustees of independent school districts may fix their own valuation for assessments.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 103.*]

Error from District Court, Hill County; W. C. Wear, Judge.

Action by the Blum Independent School District against Gulf, Colorado & Santa Fé Railway Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded on rehearing.

Blum independent school district sued and recovered judgment against the Gulf, Colorado & Santa Fé Railway Company for $239.42, for unpaid taxes, interest, and penalty, and the railway company has brought the case to this court by writ of error. The case was tried in the court below upon the following agreed statement of facts:

"(1) That all of the demands of the plaintiff, the Blum independent school district, involved in this case have been settled, satisfied, and discharged, save and except one question as to the taxes for 1907 and 1908, hereinafter submitted to the court.

"(2) That the Blum independent school district was duly and legally incorporated as an independent school district, and for free school purposes only, under the terms and conditions of article 616a of the Revised Statutes, as amended by Acts of the Twenty-Fifth Legislature, chapter 45, and as said acts were carried forward and embraced in sections 149 and 150 of the Acts of the Twenty-Ninth Legislature, chapter 124, Senate Bill No. 218, and, as such independent school district, was entitled to levy such taxes for school purposes as were provided by law, and on valuations of property determined as the law required.

"(3) That in the years 1907 and 1908 the defendant, the Gulf, Colorado & Santa Fé Railway Company, had in the Blum independent school district, subject to taxation by said board, 7.16 miles of railroad, roadbed, and right of way. That in the year 1907 the tax assessor and the county commissioners of Hill county, sitting as a board of equalization, fixed the value of said 7.16 miles of railroad, roadbed, and right of way at $9,690 per mile, or $69,380, as the value of said railroad, roadbed, and right of way for taxation for state and county purposes; and for the year 1908 the said tax assessor and county commissioners, sitting as a board of equalization fixed the value of said 7.16 miles of railroad at $14,500, or $103,820. That for each of the years 1907 and 1908 the trustees of the said Blum independent school district

assessed the value of said 7.16 miles of railway at $15,000 per mile, or at a total of $107,400 for each year.

"It is the contention of the Gulf, Colorado & Santa Fé Railway Company that said board of trustees could only assess the property of the defendant, under the law, for any particular year at the valuation fixed on said property by the county assessor and the commissioners' court, sitting as a board of equalization, for taxation for state and county purposes, and that the board of trustees was bound by the valuation fixed by said county assessor and board of equalization.

"It is agreed that the defendant has paid all the taxes due for the year 1906, and all the taxes due for the years 1907 and 1908, save and except taxes at the rate of 20 cents on the hundred dollars valuation for the difference between the valuation placed by the board of equalization of Hill county, as aforesaid, and the valuation placed by said board of trustees, to wit, for the year 1907, the difference between 20 cents on the hundred dollars valuation on $69,390 and $107,400, and for the year 1908 on the difference between $103,820 and $107,400.

"And the parties now submit to the court, under this agreed statement of facts, the single question as to whether the said school trustees-had a right, under the law, to themselves pass on the question of the valuation and to fix the value of the defendant's property, or whether they were bound by the appraisement and valuation so made by the tax assessor and commissioners' court, sitting as a board of equalization, as above stated.

Terry, Cavin & Mills and Chas. K. Lee, for plaintiff in error. Morrow & Morrow, for defendant in error.

KEY, C. J. (after stating the facts as above). The last paragraph of the foregoing statement states the only question of law involved in the case, and we are of opinion that the trial court was correct when it held that the school trustees of Blum independent school district were not bound by the appraisement and valuation fixed upon property in that district by the county tax assessor and commissioners' court; and, it not appearing that the district had a tax assessor of its own, the school trustees had the power to assess the property themselves and fix its value, for the purpose of the school tax, for that district. Counsel for plaintiff in error has cited no authority, nor made any argument in support of the proposition, that the valuation of property fixed by the county tax assessor and the commissioners' court was binding on the trustees of the Blum independent school district, and we have found no authority or statute which supports that contention.

It seems that the act of the Twenty-Ninth Legislature (Acts 29th Leg. c. 124), providing for a complete system of public free schools, was in force at the time in question. Section 149 of that act authorizes towns and villages having 200 inhabitants or over to incorporate for free school purposes; and provides, among other things, that such school corporations "shall have the right to levy and collect taxes and issue bonds for school purposes, the same as school incorporations hereinbefore formed." Section 160 provides for the election of a board of trustees to act as a managing body for incorporated independent school districts; and section 161 reads as follows: "The trustees elected in accordance with the preceding section shall be vested with the full management and control of the free schools of such incorporated town or village, and shall, in general, be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes, that are conferred by the laws of this state upon the councils or board of alderman of incorporated cities or towns."

Section 165 authorizes and directs trustees of independent school districts to choose a president, a secretary, a treasurer, and an assessor and collector of taxes, and other necessary officers and committees. It is further provided in that section that the treasurer shall give bond; that if the district is embraced in a city or town having an assessor and collector of taxes that officer shall assess and collect the taxes for school purposes, and in such case the school taxes shall be based upon the same assessment of property upon which the levy for other city purposes is based; and the section referred to concludes as follows: "Provided, further, that when a majority of the board of trustees of an independent school district prefer to have the taxes of their district assessed and collected by the county assessor and collector, same shall be assessed and collected by said county officers, and turned over to the treasurer of the independent school district for which such taxes have been collected; provided that the property of such districts having their taxes assessed and collected by the county assessor and collector, shall not be assessed at a greater value than that assessed for county and state purposes."

We think the foregoing sections of the statute quoted and referred to render manifest the legislative purposes to authorize the levy, assessment, and collection of school taxes by incorporated school districts, separate and apart and independent of any action of the county assessor or any other county officer. The above quotation from section 165 shows that it was the intention of the Legislature to leave it discretionary with the school trustees whether or not they would have the assessment of property in the school district for school purposes made by the county assessor, and the tax collected by the county collector; and it is therein provided that, *in the event that course is pursued*, the property shall not be assessed at a

greater value for school purposes than it is assessed for county purposes. But nowhere in the statute do we find any such limitation when the school trustees have *not* exercised that option, and *have preferred to* have the school tax levied, assessed, and collected independent of the county assessor and collector, as was done in this court. Our conclusion is that the trial court rendered the proper judgment, and the only course to pursue is to order its affirmance.

Affirmed.

### On Motion for Rehearing.

JENKINS, J. [1] Upon a former day of the present term, we affirmed the judgment of the lower court in this case upon authority of sections 149, 161, and 165, Acts of the Twenty-Ninth Legislature. In the original brief filed herein, our attention was not called to section 57 of said act. Said act is very lengthy, containing over 200 sections, and as we took it for granted that, if there was any section in said act favorable to plaintiff in error, the same would be cited by its counsel, we did not make as close an examination of said act as we otherwise would have done.

Plaintiff in error, in its motion for a rehearing, has called our attention to said section 57. While sections 160, 161, and 165. are sufficient to authorize, by inference, the trustees of an independent school district to fix a valuation on property assessed for taxes, without reference to the valuation fixed upon such property for the purposes of state and county taxation, if there was nothing in said act to the contrary, yet, in view of the specific language used in section 57 as to such valuation, we hold that the trustees of an independent school district cannot assess property for taxation for school purposes at a higher value than that assessed for state and county purposes. The language of said section 57 referred to is as follows: "Provided that all property assessed for school purposes shall be assessed at the rate of value of property as said property is assessed for state and county purposes; provided that in all assessments of property for taxing purposes under this bill, all property shall be assessed at the valuation fixed for said property for state and county purposes."

It was the evident intention of the Legislature that the property in independent school districts should be assessed at the same valuation fixed for other purposes of taxation. In incorporated cities and towns, this valuation is determined by the valuation fixed for municipal taxes. In independent school districts, other than those which include incorporated cities and towns, this valuation is to be determined by the valuation fixed for state and county purposes. The language above quoted from section 57 seems to make this plain, for which reason the motion for rehearing herein is granted, and the judgment of the trial court is here re-versed and rendered in favor of plaintiff in error.

Motion granted. Judgment reversed and rendered.

KEY, C. J. While the motion for rehearing was pending, and before a final decision was reached, I ascertained the existence of facts which show that I am interested in the only question involved in this case, within the purview of article 1021 of the Revised Statutes, and therefore disqualified, and since ascertaining that fact I have not participated in deciding the motion.

### On Second Motion for Rehearing.

JENKINS, J. [2] In the original opinion herein, upon the authority of section 161 of the school law of 1905, which is the act governing this case, we held that the school trustees were authorized to fix the value of property in their districts at a different valuation than that for which the same was assessed for taxes for state and county purposes. Upon rehearing, upon authority of section 57 of said act, we held to the contrary. Now comes the defendant in error and insists that we were in error in our decision last above referred to, for the reason that section 57 applies only to common school districts. The argument is plausible, and but for the second proviso in said section 57 we would agree with such contention. It is true that the act of 1905 undertakes to deal with the entire public free school situation; and there is an evident intention to divide the matters to be considered under separate heads in said act. Said act has five distinct headings, indicated by indented headlines in capital letters, these followed by subheads in italics. Two of these principal headings are "Common School Districts," and "Towns and Villages Incorporated for School Purposes Only." Section 57 is under the former heading, and section 161 is under the latter heading. But, though this was the evident purpose of the Legislature, still, if in any portion of said bill there is anything which is intended to apply to the whole bill, it must be held to do so. This was done, as is apparent from the language used in a number of the sections of said bill. For instance, under the heading "Common School Districts," it was enacted that white and colored children should not be taught in the same schools (section 93); the terms "white and colored races and children" was defined (section 96); the scholastic year is fixed to commence September 1st, and end August 31st (section 97); all recitations are required to be conducted in the English language (section 102); no part of the public school funds are to be appropriated or used for the support of any sectarian school (section 130). It cannot be doubted that all these provisions apply to schools of every character, whether communities, common school districts, or independent districts. Sections 91, 101, and 116, under

the heading of "Common School Districts," by their express terms, are made to apply to independent, as well as common school, districts; while section 124, under said heading, by its express terms, applies only to cities and towns of 500 or more scholastic population which have become independent districts.

Was it the intention of the Legislature to make the second proviso of section 57 apply to the entire bill—that is to say, to all schools provided for in said bill? It is a primary rule of construction that language must be taken in its ordinary signification. The language used in said second proviso is, "Provided that in all assessments of property *under this bill* [italics ours] all property shall be assessed at the valuation fixed for said property for state and county purposes." That the subject-matter is to be looked to is one of the rules of construction, and this section starts out by dealing with the subject-matter of common school districts; but the subject-matter of the bill was public free schools of every character. The word "bill," as used in this proviso, is one of plain meaning, and of one meaning only, and that is the whole act.

[3] There is another rule of construction of legislative acts, and that is that every word is presumed to have been intentionally used for the purpose of making clear the legislative intent. What possible purpose could this second proviso serve, if it was not intended to apply to independent districts? The first proviso had already made it clear, beyond the peradventure of a doubt, that in assessments of taxes, made by commissioners' courts for common school districts, "all property assessable for school purposes should be assessed at the rate of value of property as said property is assessed for state and county purposes." Inasmuch as this section thus far was dealing with common school districts, we think this first proviso was intended to apply to common school districts only. The Legislature doubtless thought so too; and, desiring to extend this limitation beyond the subject-matter of this section of the bill, it expressly provided in the second proviso for its extension to all property assessed for school taxes "under this bill."

[4] There is another rule of construction, and that is, the entire act should be construed together; and if, by any reasonable construction, two sections of the bill can be so construed as that both may stand it is not to be held that one section repeals the other. Repeal by implication is not favored, and will not be held by the courts, if any other construction is reasonable. Section 161, under the head of "Towns and Villages Incorporated for School Purposes Only," is not under the subhead of "Taxation," as is section 57 but is under the subhead of "Election of Trustees." Section 160, under said subhead, provides for the election of

such trustees; and section 161 provides for the control of the schools by such trustees, and declares that they "shall, in general, be vested with all the powers, rights and duties in regard to the establishing and maintaining of free schools, including the powers of taxation for free school purposes, that are conferred by the laws of this state upon the councils or boards of aldermen of incorporated cities of towns." It will thus be seen that section 161, by its reference to cities and towns, defines, in a measure, the powers of control to be exercised by such trustees. The power of taxation is here mentioned only as an incident to the general power of control by the trustees. Holding that the second proviso of section 57 controls as to values for the purpose of taxation in independent school districts does not by any means destroy section 161. On the contrary, there is left, not only the general control provided for in said section 161, but also the power of taxation, in so far as it concerns the annual levy of the tax, determining the amount thereof, and enforcing its collection; such powers to be determined by like powers conferred upon city councils of incorporated cities and towns. On the other hand, if section 161 be construed to give the trustees of independent districts, through a board of equalization or otherwise, power to assess the property of such districts at a valuation different from "the valuation fixed for said property for state and county purposes," such construction repeals the second proviso of section 57. If so construed, the two cannot stand together.

As above stated, the act of 1905 was an effort upon the part of the Legislature for the first time to bring together in one bill all of the law with reference to public free schools; in doing so they have, to some extent, left the matter in a state of confusion. The language used in section 161 of said act is the same language that was used in the act of April 6, 1881, authorizing towns and villages to incorporate for free school purposes, and remained the law as to such districts up to the time of the adoption of the act of 1905. Gen. Laws 1881, p. 114; arts. 541a to 541f, Rev. Stat. See R. S. 1905, arts. 3994 to 4003. Articles 4000 is the same as said section 161.

The language used in section 161, supra, having been, the law, with reference to towns and villages incorporated for school purposes only, since the first statute on that subject was enacted, it will be presumed that the Legislature acquainted itself with the practical construction that had been given to this language by the trustees of such independent districts. If they ascertained the facts to be that no board of trustees had ever assumed that they were empowered under this act to assess property at a valuation different from that fixed for state and county purposes, the Legislature might well have presumed that no such power would be

claimed under this section in the future; and therefore did not deem that in enacting such section they were repealing the second proviso in section 57 of said bill. Or it might be that they ascertained that no such power had theretofore been claimed by school trustees, but, seeing that the language of said section 161 might be construed to give them such power, and not desiring such power to be conferred, they inserted the second proviso in section 57. On the other hand, if the facts were that such power had been claimed and exercised under the previous law (which, as we have seen, was in the exact language of section 161), it is to be presumed that they did not intend such power to be exercised in the future; and therefore explicitly declared in the second proviso of section 57 that such power should not thereafter be exercised.

[5] The other sections referred to in the original opinion are sections 149, 160, and 165. Section 149 continued the policy of allowing towns and villages to incorporate for free school purposes, with such power as to the collection of taxes as had been granted to such independent school districts under former laws. This section does not throw any light upon the issue under consideration. Section 160 simply provides for the election of school trustees. The proviso in section 165, "that the property of such districts having their taxes assessed by the county assessor and collector shall not be assessed at a greater value than that assessed for county and state purposes," would seem inferentially to indicate that districts, not having their taxes assessed and collected by the county assessor, might be assessed at a greater value than the same was assessed for county and state purposes. But power to fix valuation of property for the purposes of taxation cannot be conferred by inference, as against an express declaration to the contrary, such as is contained in the second proviso of section 57.

For the reasons above stated, the motion for rehearing herein is overruled.

Motion overruled.

KEY, C. J., not sitting.