UNDERWOOD v. CHILDRESS INDEPENDENT SCHOOL DIST.†

(Court of Civil Appeals of Texas. Amarillo. March 30, 1912. Rehearing Denied June 1, 1912.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—TAXATION—ASSESSMENT—AVERMENTS—STATUTORY PROVISIONS.

Laws 1905, c. 124, § 165, provides that the board of trustees of an independent school district shall choose an assessor and collector of taxes unless they prefer to have the taxes assessed and collected by the county assessor and collector, in which case the property shall not be assessed at a greater valuation than that at which it is assessed for county and state purposes. An assessor appointed by the school board thereunder served two years, and, upon his declining to serve longer, the board provided for the assessment by the county assessor. *Held*, that the appointment of the county assessor had the effect of declaring vacant the office of the assessor regularly appointed so as to make the effect of the appointment the same as if it had been made in the first instance, and render invalid assessments not based on the same valuation as that for county and state purposes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—TAXATION—ASSESSMENT—AVERMENTS—STATUTORY PROVISIONS.

School Law (Laws 1905, c. 124) § 57, which authorizes the levying of a special tax for school purposes, with the proviso "that in all assessments of property for taxing purposes * * * the property shall be assessed at the valuation fixed for said property for

state and county purposes," was amended by Acts 31st Leg. c. 12, by striking out the proviso. Section 165 of the law provides that the property of school districts having their taxes assessed and collected by the county assessor and collector shall not be assessed at a greater value than that assessed for county and state purposes. *Held*, that the amendment of the act did not remove the right to have the valuation of property limited to that fixed for county and state purposes where the assessment was made by the county assessor.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.*]

3. STATUTES (§ 245*)—REVENUE LAWS—CONSTRUCTION.

Statutes imposing public burdens in the form of taxes must be construed strongly against the government and liberally in favor of the person on whom it is sought to impose the burden, and, where there is any ambiguity or uncertainty, the doubt must be resolved in favor of the taxpayer.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 326; Dec. Dig. § 245.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—TAXATION—ASSESSMENT—STATUTORY PROVISIONS.

The right given under School Law (Laws 1905, c. 124) § 165, to have property assessed for school purposes by a county assessor assessed at the same valuation as that for state and county purposes, is fixed by the act of assessment which is judicial and cannot thereafter be removed by the fact that the ministerial act of collection was by other than the county collector.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.*]

Appeal from District Court, Childress County; S. P. Huff, Judge.

Action by W. L. Underwood against Childress Independent School District. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

W. B. Howard and M. J. Hathaway, both of Childress, for appellant. Hamilton & Davidson, of Childress, for appellee.

HALL, J. W. L. Underwood, appellant, as plaintiff in the court below, brought this suit against the Childress Independent School District, seeking by injunction to restrain the district and J. M. Alexander, its tax collector, from selling certain property levied upon by the collector for taxes alleged to be due from appellant assessed for the year 1909. A temporary writ of injunction was granted, but on final hearing it was dissolved, and judgment was rendered in favor of the school district on its cross-action for $136.64, the full amount of the taxes claimed, from which judgment this appeal is prosecuted.

Appellant alleged that the assessment for said year of his property for school purposes was illegal, in that it was placed at a valuation of $27,307 for school purposes by W. S. Robinson, the county tax assessor, and for the same year the same assessor had assessed the same property for state and county purposes at the valuation of $26,563, when the valuation for school purposes should have been no greater than that for state and county purposes. He tendered the tax collector of the school district the proper amount of taxes due on the basis of a valuation of his property as assessed for state and county purposes, and the tender has been continued.

[1] Appellant contends, under Acts of 29th Legislature, c. 124, § 165, that, when an independent school district has its taxes assessed by the county assessor of taxes, the assessment cannot lawfully be based upon a greater valuation of property than when assessed for state and county purposes. The facts are that J. H. Chesnut had on December 3, 1906, been appointed assessor and collector of taxes for the Independent School District, and that he gave bond as such official; that he never formally resigned the office, but that after the expiration of two years from the date of his appointment he stated that he did not want to assess the taxes for the year 1909, as there was nothing in it. It appears that the board of trustees consented for the county assessor, Robinson, to assess the taxes for school purposes, by whom the assessment in question was made, and that thereafter J. M. Alexander, one of the appellees herein, in the spring of 1910, was appointed assessor and collector for said district. It is contended by appellee, because the taxes sought to be enjoined, although assessed by the county assessor, were not also collected by the county collector, that appellant does not bring himself within the proviso of section 165, Acts of 1905, p. 306, and is therefore not entitled to the relief sought. It is agreed that the taxes which were voluntarily paid to the school district for the year 1909 by other taxpayers were collected by J. H. Chesnut, and it is contended that he was the duly authorized assessor and collector for the year 1909, notwithstanding the fact that his term of office would expire December 6, 1908, and he was not reappointed.

In the briefs of counsel upon this question, we are referred to section 30, article 16, of the Constitution, which is: "The duration of all offices not fixed by this Constitution, shall never exceed two years." And to section 17, article 16, which is as follows: "All officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified." In our opinion, section 30 is a limitation upon the authority of the Legislature and of city councils and other municipal bodies to fix a term of office to continue longer than two years, while section 17 acts directly upon the officers themselves, and its purpose was to prevent a break in the public service and to insure continuity by requiring all officers, after their respective terms of office had expired, to "continue to perform the duties of their offices until their successors shall be duly qualified." There is no conflict between the

sections in question, and we think when Chesnut declined to make the assessment for 1909, and the trustees called upon the county assessor to do so, it had the effect of declaring the office which had previously been filled by Chesnut vacant and transferring the duties of that office to the county assessor. It is clear from said section 165 and from section 166 that the office of city assessor and collector was created, but whether or not the board should choose some one to fill the office, or whether they should call upon the county assessor and collector to perform the duties of the office, is left entirely within the discretion of the board. In this case, upon the refusal of Chesnut to act, the board did call upon the county assessor, but did not call upon the county collector to collect the taxes afterward; but this duty was undertaken by J. M. Alexander, a subsequently appointed assessor and collector.

[2] We have been referred by appellee in argument to section 57 of the School Law in question, which it seems has been amended by the Act of the 31st Legislature, c. 12. The original act contained this proviso: "Provided that in all assessments of property for taxing purposes under this bill all property shall be assessed at the valuation fixed for said property." By the amendment this proviso was stricken out, which it would seem would have the effect of permitting the assessor of independent districts, such as the one under consideration, to make his assessments based upon a valuation of property other than that adopted for county and state purposes. So the proviso contained in said section 165, "that the property of such districts having their taxes assessed and collected by the county assessor and collector, the same shall not be assessed at a greater value than that assessed for county and state purpose," and its proper construction is decisive of the main issue in this case.

[3] It is the rule, both in England and in the United States, that statutes imposing public burdens in the form of taxation are to be construed strictly against the government and liberally in favor of the person upon whom it is sought to impose the burden, and, where there is any uncertainty or ambiguity, this doubt must be resolved in favor of the taxpayer. 26 Am. & Eng. (2d Ed.) p. 669; Sutherland on Statutory Construction, §§ 361, 362, 363; 36 Cyc. 1172, 1173, 1180, 1189, and authorities cited.

We are required by Sayles' Civil Statutes, art. 3268, subd. 6, to look diligently for the intention of the Legislature to aid us in construing the laws, and we think the legislative intent, as manifested by the proviso in question, was to limit the valuation of property for taxation to that adopted by the county assessor in all cases where the taxes were not to be assessed by an officer selected by the trustees and whose official acts they could authoritatively control and direct.

[4] We are of the opinion that, under the rule above quoted, the appellant's contention should be sustained. The valuation of his property and his consequent liability for the taxes is fixed by the act of assessment, which is a judicial act. 27 Am. & Eng. Enc. of L. (2d Ed.) 689. The collection of the taxes is purely a ministerial matter (Id. 766), and it is unimportant and immaterial, so far as his rights are concerned, whether the collecting be done by the county collector, by Chesnut as a de facto collector, or by Alexander as a de jure collector. Construing the proviso strictly as against the district and liberally toward the taxpayer, it is our opinion that, when it has been made to appear that the assessing has been done by the county assessor and that such act has fixed the measure of his liability, then to make his right to restrain the collection of an amount of taxes greater than would accrue, had his property been assessed at the same valuation as that fixed for county and state purposes, depend upon the mere ministerial act of collection by the county collector, is violative of the well-established canon of construction which we have above quoted and against the great weight of authority. We can see no reason or authority, and appellee suggests none, for holding otherwise.

It follows from what has been said that the trial court erred in dissolving the temporary injunction and rendering judgment against appellant for the amount stated.

The judgment is therefore reversed and is here rendered against appellant for the sum of $132.82, and in appellant's favor for costs.

Reversed and rendered.