COOPER et al. v. AVERY. (No. 6770.)

(Court of Civil Appeals of Texas. Galveston. June 6, 1914. Rehearing Denied June 25, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 101*)—PUBLIC SCHOOLS—RATE OF TAXATION.

Acts 29th Leg. c. 124, provides for a complete system of public free schools. Section 149 authorizes towns and villages having over 200 inhabitants to incorporate for free school purposes. Sections 160 and 161 provide for the election of a board of trustees to manage incorporated, independent districts, and to collect taxes for the establishment of the schools. Section 165, providing for the collection of taxes, declares that, when a majority of the board of trustees of an independent district have the taxes assessed and collected by the county assessor and collector, they shall be assessed and collected and turned over to the treasurer of the district, but that, when so assessed, property shall not be assessed at a greater value than it is assessed for county and state purposes. Held, that the statute authorized independent school districts, assessing and collecting their own taxes, to assess property at a greater valuation than it was assessed for state and county purposes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 236, 252; Dec. Dig. § 101.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 101*)—PUBLIC SCHOOLS—RATE OF TAXATION.

Acts 29th Leg. c. 124, § 57, which was under the subhead of "Levy of Special School Tax," provided for the levy of a special tax by the commissioners' court for the maintenance of free public schools, but that all property assessed for school purposes should be assessed at the same rate as for state and county purposes, provided that, in all assessments of property for taxing purposes under the act, all property shall be assessed at the valuation fixed for such property for state and county purposes. Held, that the second proviso of section 57, which applied to all school districts, including independent school districts, having been repealed by Acts 31st Leg. c. 12, there was no re-

striction upon such districts preventing them from assessing property for school purposes at a valuation in excess of that fixed for state and county purposes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 236, 252; Dec. Dig. § 101.*]

Appeal from District Court, Waller County; Samuel J. Styles, Judge.

Action by J. W. Avery against W. D. Cooper and others, as assessor and trustees of the Brookshire Independent School District. From a decree granting plaintiff a temporary injunction, defendants appeal. Reversed and rendered.

J. D. Harvey, of Hempstead, for appellants. Hannay & Hannay, of Hempstead, and J. V. Meek, of Houston, for appellee.

McMEANS, J. This is an appeal from an order of Hon. Samuel J. Styles, judge of the Twenty-Third judicial district, granting to J. W. Avery, the appellee, a temporary injunction restraining the trustees of the Brookshire Independent School District in Waller county, and W. D. Cooper, the assessor and collector of taxes of said district, from enforcing the collection of certain taxes levied and assessed by said trustees during the year 1913 upon the property of appellee, and the collection of which taxes the assessor and collector is seeking to enforce. It was shown by the verified petition of plaintiff that his property was assessed by the school trustees at a higher valuation for school purposes than assessed for state and county purposes, and the only question presented by this appeal for our determination is this: Can the board of trustees of an independent school district, under the law as it now exists, assess property within the district at a higher rate of value than the same property is assessed for state and county purposes? We are of the opinion that the question must be answered in the affirmative.

[1] The act of the Twenty-Ninth Legislature (chapter 124) provides for a complete system of public free schools. Section 149 of the act authorizes towns and villages having 200 inhabitants or over to incorporate for free school purposes, and provides, among other things, that such school corporations "shall have the right to levy and collect taxes and issue bonds for school purposes, the same as school incorporations hereinbefore formed." Section 160 provides for the election of a board of trustees to act as a managing body for incorporated independent school districts; and section 161 reads as follows:

"The trustees elected in accordance with the preceding section shall be vested with the full management and control of the free schools of such incorporated town or village, and shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes, that are conferred by the laws of this state upon the councils or board of aldermen of incorporated cities and towns."

Section 165 authorizes and directs trustees of independent school districts to choose a president, a secretary, a treasurer, and an assessor and collector of taxes and other necessary officers and committees. It is further provided in that section that the treasurer shall give bond; that, if the district is embraced in a city or town having an assessor and collector of taxes, that officer shall assess and collect the taxes for school purposes, and in such case the school taxes shall be based upon the same assessment of property upon which the levy for other city purposes is based; and the section referred to concludes as follows:

"Provided further, that when a majority of the board of trustees of an independent school district prefer to have the taxes of their district assessed and collected by the county assessor and collector, same shall be assessed and collected by said county officers, and turned over to the treasurer of the independent school district for which such taxes have been collected: Provided, that the property of such districts having their taxes assessed and collected by the county assessor and collector, shall not be assessed at a greater value than that assessed for county and state purposes."

It does not appear from the plaintiff's bill of injunction that the Brookshire independent district is embraced in a city or town having an assessor and collector of taxes, but the inference is clearly to the contrary.

In an opinion delivered January 31, 1912, the Austin Court of Civil Appeals in the case of Gulf, Colorado & Santa Fé Railway Co. v. Blum Independent School District, 143 S. W. 353, held that:

"The foregoing sections of the statute quoted and referred to render manifest the legislative purposes to authorize the levy, assessment and collection of school taxes by incorporated school districts, separate and apart and independent of any action of the county assessor or any other county officer."

Continuing the court says:

"The above quotation from section 165 shows that it was the intention of the Legislature to leave it discretionary with the school trustees whether or not they would have the assessment of property in the school district for school purposes made by the county assessor, and the tax collected by the county collector; and it is therein provided that, in the event that course is pursued, the property shall not be assessed at a greater value for school purposes than it is assessed for county purposes. But nowhere in the statute do we find any such limitation when the school trustees have not exercised that option, and have preferred to have the school tax levied, assessed, and collected independent of the county assessor and collector."

This construction of the sections of the act referred to fully meets the approval of this court.

[2] But section 57 of the act, which was not called to the attention of the court prior to the decision referred to, and only in the motion for a rehearing, and which comes in the act under the general head of "Common School Districts" and the subhead of "Levy of Special School Tax," providing for the levy of a special tax by commissioners' courts

for the further maintenance of public free schools and the selection of school buildings, concludes with the following provisos:

"Provided that all property assessed for school purposes shall be assessed at the rate of value of property as said property is assessed for state and county purposes: Provided, that in all assessments of property for taxing purposes under this bill all property shall be assessed at the valuation fixed for said property for state and county purposes."

On motion for rehearing, the court held, and properly so, we think, that, by the specific language of the second proviso, the trustees of an independent school district could not assess property for taxation at a higher value than assessed for state and county purposes. The question that arose in that case grew out of a tax levy and assessment for the years 1907 and 1908, and was properly determined under the act of 1905, in which the sections referred to are found. But in 1909, Acts 31st Leg. p. 18, § 57, of the act of 1905, was amended so as to include therein the first proviso quoted and to omit therefrom the second, upon which alone the court reached the conclusion in the Blum Case that the trustees of an independent school district could not assess property at a higher value than assessed for state and county purposes.

Section 57 of the act of 1905, down to and including the first proviso, clearly relates to common school districts. The second proviso was inserted for the purpose of prohibiting the boards of trustees of independent school districts from assessing property in such districts at a higher value than the same property was assessed for state and county purposes. This is clearly shown by the opinion delivered in the Blum Case on the second motion for rehearing; and the conclusions there reached in this regard are approved and adopted by us. It is there stated, in answer to the contention of the appellee that section 57 applies only to common school districts, that, "but for the second proviso in said section 57, we would agree with such contention." The second proviso of section 57 of the act of 1905, having been repeated by the act of 1909, that section thus standing, applies only to common school districts, and the proviso "that all property assessed for school purposes shall be assessed at the rate of value of property as said property is assessed for state and county purposes" does not restrict independent school districts in the valuation they may place upon property in their district for taxing purposes.

It follows from our construction of sections 160, 161, and 165 of the act that, in the levy, assessment, and collection of school taxes by independent school districts, they are authorized to act independently and are not limited in fixing values upon property for taxing purposes at the same value as fixed for state and county purposes. We conclude, therefore, that the injunction was improperly granted, and therefore the judgment appealed from is reversed, and judgment is here rendered vacating the order granting the injunction.

**Reversed and rendered.**