VANCE v. MILLER et al. (No. 392.)

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1914. On Rehearing, Nov. 19, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 111*)— ENJOINING COLLECTION OF TAXES—PARTIES —"MUNICIPAL CORPORATION."

A school district is a necessary party to a suit to enjoin the collection of taxes assessed in the district, since, under Rev. St. 1911, art. 2853, a school district is a municipal corporation, and under Rev. St. 1911, art. 1835, all suits against such corporations must be against it in its corporate name.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 265–268; Dec. Dig. § 111.*

For other definitions, see Words and Phrases, First and Second Series, Municipal Corporation.]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)— TAXATION—ADOPTING FINDING OF COUNTY BOARD OF EQUALIZATION.

Under Rev. St. 1911, art. 2853, charging independent school districts with all the duties of city councils in respect to taxation, and article 945 providing that cities shall have a board of equalization, an independent school district, not having appointed a board of equalization, could not adopt the finding of the county board.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

On Rehearing.

3. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)— TAXATION—BOARD OF EQUALIZATION — NECESSITY.

Acts 29th Leg, c. 124, § 165, providing that the property of an independent school district shall not be assessed at a greater value than that assessed for county and state purposes, does not by implication permit a school district to adopt the equalization of the county board of equalization, since the assessed valuation in the district may be less than that in the county.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

Appeal from District Court, Martin County; S. J. Isaacks, Judge.

Suit by J. R. Vance against A. B. Miller and others. From a decree for defendants, plaintiff appeals. Reversed and remanded.

W. T. Daniel, of Merkel, and Chas. Gibbs and Earl Anderson, both of Midland, for appellant. S. W. Pratt, of Stanton, and Royall G. Smith, of Colorado, Tex., for appellees.

HARPER, C. J. This suit was filed in the district court of Martin county by appellant, as plaintiff, against A. B. Miller, tax collector of Martin county, Tex., and T. S. Crowder, W. Y. Houston, J. A. Harris, J. H. O'Brien, A. G. Odom, J. H. Kelley, and R. H. Kelley, trustees of Stanton independent school district, appellees, to restrain the collection of taxes which the said Miller was attempting to collect from appellant for said independent school district for the year 1913. Said petition was filed April 7, 1914, and on the same day the district judge in chambers granted a temporary restraining order, restraining the said Miller and the trustees of said independent school district from collecting said tax. The case was called for trial at the spring term of the district court of Martin county, and, upon the trial of said case, judgment was rendered for defendants, and the temporary restraining order was dissolved. From which judgment the plaintiff has appealed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

The trial court filed the following findings of fact, and the same are not challenged:

"The Stanton independent school district is a legally incorporated school district, and has a right to levy and collect taxes for the support of the public schools of the district and for the payment of interest and sinking fund on bond issues; and the defendants, except the defendant A. B. Miller, who was the tax collector of Martin county, are the trustees of said Stanton independent school district. * * * Said Henson (the assessor) assessed all of the property in the said Stanton independent school district for said district at the same time that he assessed the same property for the state and county, but, in making said assessments for the school district did not take separate renditions or separate sheets for the school district. The said assessor, Henson, submitted his assessments or renditions to the commissioners' court of Martin county sitting as a board of equalization, and said commissioners' court equalized the renditions and assessments made by the said Henson. The commissioners' court of Martin county, sitting as a board of equalization, notified the plaintiff, Vance, of the change in the valuation of the property assessed against him, and the said plaintiff appeared before said commissioners' court, sitting as a board of equalization at the time notified to do so, and the board of equalization heard him on the proposed change in the valuation. Afterwards the said Henson made, from his rendition or assessment sheets, tax rolls for Martin county, and from the same sheets or renditions made tax rolls for the Stanton independent school district. No board of equalization for the Stanton independent school district was appointed by the board of trustees, but said board of trustees accepted the equalization made by the equalization board of Martin county."

Preliminary to passing upon the merits of this appeal, appellee urges his cross-assignment of error that the independent school district itself is a necessary party defendant.

[1] It will be noted from the statement above that the suit was brought against the sheriff and tax collector and the trustees; also the record discloses that the Stanton independent school district is a municipal corporation organized as such only. Under article 2853, Revised Civil Statutes 1911, it is "vested with all the powers, rights and duties * * * that are conferred by the laws of this state" upon incorporated cities and towns. Article 1835, Rev. Civ. Stat. 1911, provides that "all suits brought by or against * * * incorporated cities, towns or villages shall be by or against it in its corporate name." It is therefore necessary and indispensable that the district be sued in its corporate name, in order to have any binding decree against it. Without a decree against the corporation there would be nothing to prevent any future officer from proceeding to collect the taxes complained of under the present records, which must be held so defective as not to authorize the tax collector to collect the taxes assessed.

[2] In view of another trial, it may be well to add: In Chambers v. Cook, 132 S. W. 865, it was held that the law requires the appointment of a board of equalization by the trustees to equalize the value of the property assessed, that the taxes may be equal and uniform in the district, also requires a separate tax roll; and that the county commissioners had passed upon the rolls as a board of equalization does not meet the requirements of the law, and this holding we approve and adopt. Article 2853, Revised Civil Statutes 1911, clearly charges all independent school districts, organized as this one, with all the duties of city councils in respect to taxation; and article 945, Revised Civil Statutes 1911, provides that cities shall have a board of equalization, and, without a board of equalization to pass upon and approve the assessor's rolls, they cannot be looked to in any way to fix liability on the taxpayer or his property. Chisholm v. Adams, 71 Tex. 678, 10 S. W. 336.

Because of failure to make necessary parties, the cause is reversed and remanded.

### On Rehearing.

[3] Appellees, in their motion for rehearing, insist that the opinion rendered in this case is in conflict with Railway Co. v. Blum Independent School District, 143 S. W. 353, Underwood v. Childress, Ind. School District, 149 S. W. 773, and Cooper v. Avery, 168 S. W. 412. Our opinion in no wise conflicts with these cases. The first case cited was controlled by the second proviso in section 57 of chapter 124, Acts of 29th Leg. This proviso is not now in force, having been repealed by the Acts of the 31st Leg. c. 12, as pointed out in the last two cases mentioned. As stated in said opinions, the statute mentioned, as amended, applies only to common school districts. As stated in the original opinion, incorporated towns, organized into independent school districts, are required to have a board of equalization, and the statute charges independent school districts, organized as such only, with the same duty. The fact that the trustees of the latter have elected to have the county assessor and collector assess and collect the taxes does not relieve them of the duty to have a board of equalization.

If the statute (section 165, c. 124, Acts 29th Legislature), being the law of the present case, had read, "When the assessor and collector of the county, assess and collect, the property shall be assessed at the same valuation as fixed for county and state purposes," by implication, it would have dispensed with a board of equalization, but it reads that the property shall not be assessed at a greater valuation than that assessed for county and state purposes. So, under this provision, the assessed valuation of the property of the district might be the same or less than that fixed for county and state purposes.

There being no implication that such districts may legally collect taxes without a board of equalization, and no express or implied authority for the county board of equalization to pass upon valuations, and the statute quoted in the original opinion clearly re-

quiring such districts to have a board of equalization, an attempt to collect taxes without complying therewith is without authority and may be enjoined.

Therefore the motion is overruled.