DAVIS v. PAYNE. (No. 800.)

(Court of Civil Appeals of Texas. Amarillo. June 5, 1915. Rehearing Denied Oct. 9, 1915.)

1. SCHOOLS AND SCHOOL DISTRICTS ⟨©⟩106 — ANNEXATION — TAXATION — CONSTITUTIONAL PROVISIONS.

Const. art. 7, § 3, authorizes an ad valorem tax on property within a school district at a certain rate provided that two-thirds of its qualified voters shall vote such tax. The whole territory of a common school district, which had previously voted a special school tax of 20 cents on each $100, was annexed, by Acts 29th Leg. c. 124, § 148, to an independent school district subsequently organized within its territory and which had previously voted a special school tax of 50 cents on $100. Held, that the merger did not destroy the special tax previously voted by the common school district, and that the new district might collect the 20-cent tax applicable to land situated in the common school district before the merger.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 149, 248–252; Dec. Dig. ⟨©⟩106.]

2. STATUTES ⟨©⟩212 — CONSTRUCTION — PRESUMPTION AGAINST ABSURDITY.

The presumption against absurd consequences of legislation is no more than the presumption that the legislators are gifted with ordinary common sense, and applies only where there is room for construction by reason of the obscurity or ambiguity of a law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 289; Dec. Dig. ⟨©⟩212.]

3. STATUTES ⟨©⟩181—CONSTRUCTION—INCONVENIENCE.

The argument of inconvenience results where the language of the law is not clear, either express or implied, and extends to Constitutions and statutes.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 259, 263; Dec. Dig. ⟨©⟩181.]

4. SCHOOLS AND SCHOOL DISTRICTS ⟨©⟩106— TAXATION—INJUNCTION—PARTIES.

In a suit by the owner of lands liable to a special school tax of 20 cents, voted by a common school district after its annexation to an independent school district subsequently organized within the same territory, to enjoin the collection of a 50-cent tax voted by independent district previous to annexation, the independent school district itself was a necessary party.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 149, 248–252; Dec. Dig. ⟨©⟩106.]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Action for injunction by A. M. Davis against H. H. Payne, ex officio assessor and collector of St. Jo, Texas. Judgment for plaintiff in part and for defendant in part, and plaintiff appeals. Affirmed.

A. L. Scott, of St. Jo, and W. W. Alcorn, of Montague, for appellant. T. H. Yarbrough, of St. Jo, and W. W. Cook, of Montague, for appellee.

HENDRICKS, J. On the 7th day of April, A. D. 1891, the city of St. Jo, Montague county, Tex., became an independent school district, by an election held for that purpose. Thereafter, on the 14th day of June, A. D. 1910, the qualified voters of the independent school district voted a special tax, not to exceed 50 cents on the $100 valuation of all property situated within said district.

At the time of the formation of the St. Jo independent school district, there was situated, adjoining and around the independent school district, a common school district, No. 6, of Montague county, Tex.; and some time prior to the 1st day of April, 1912, certain qualified voters of said common school district, residing within that territory, presented to the board of trustees of the St. Jo independent school district a petition, soliciting the annexation of the territory embraced within the bounds of the common school district to the said independent school district. This petition, upon the date mentioned, by ordinance of the city council of the city of St. Jo, was adopted, and the limits of the St. Jo independent school district were, by virtue of chapter 124, § 148, Acts of the 29th Legislature, extended so as to comprehend the territory of the common school district within the bounds of the independent school district for school purposes only.

Prior to the merger, and the annexation to the independent school district, the common school district had voted, and there was existent, a special school tax of 20 cents on the $100 valuation; and subsequent to said merger there had been no special election for the creation of any other special school tax than those previously mentioned—the 50 cents special tax previously voted by the independent school district as it was originally constituted, and the special tax of 20 cents on the $100 valuation previously voted by the common school district, as originally constituted.

The appellant, A. M. Davis, is the owner of 140 acres of land, situated within the added territory, annexed to the independent school district, and for the purpose of preventing the collection of the 50 cents special school tax, originally voted by the old independent school district, he applied to the district judge for an injunction, which upon hearing was partially granted and partially refused, the trial judge denying the injunction as to 20 cents on the $100 valuation but granting the same as to 30 cents; and the appellant contends that, after the addition of the territory in the common school district to the independent district, there could be no collection of any tax whatever upon the property in the additional territory unless a new election was held and a special school tax was voted by a majority of the qualified tax paying voters of the whole district, voting at an election to be held for that purpose, by virtue of section 3, art. 7, of the Constitution adopted September 24, 1909.

It is clear that an independent school district, which has previously voted a tax for school purposes, cannot, by a subsequent ex-

tension of its limits, including additional territory, acquire the right to levy and collect such tax on the property in the annexed territory without another election by the qualified voters of the whole district, as merged, to determine the tax. The Supreme Court, in the case of Crabb v. Celeste Independent School District, 105 Tex. 195, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146, announced the doctrine following the holding of the Court of Civil Appeals of the Fifth District, in the case Eagle Lake v. Lakeside Sugar Refining Co., 144 S. W. 709, construing section 3, art. 7, of the state Constitution, before the amendment of 1909, which, however, as applicable to the particular question, is practically the same, except that the old article provided that the special tax should be voted by two-thirds of the qualified property tax paying voters of the district, instead of a majority of such voters, as required by the amendment. The Supreme Court applied the familiar rule that where a power is expressly given by the Constitution, and the mode of its exercise expressly prescribed, such method of the exercise of the power is exclusive; but does the principle of the cases cited apply to the status of case presented here?

[1-3] The trial judge evidently attempted to enforce 20 cents of the 50-cent levy, upon the theory that such an amount is a legal tax upon the property in the added territory, with the change of agency under the law, for the purpose of collecting the same; and that said tax having been legally voted may be enforced by the new agents of the annexed territory until a new election is held for the collection of a new special tax for school purposes. Appellant's argument is, if we properly interpret the same, that the common school district (the territory of which was added to the independent school district) having been disorganized, on account of all the property in that district being merged in the other district, the special tax, previously voted by the common school district, was destroyed as a result of the annexation.

Upon this record, we presume that the 20 cents special tax previously voted in the common school district for school purposes was, when voted, a constitutional tax. If this tax could be enforced by the new agency created by the taxpayers of the common school district (the board of school trustees of the independent school district), and if the 50-cent levy, attempted to be enforced by the independent school district, could be said to legally include the 20-cent tax, legally existent, then the action of the district court is correct. The logic of appellant's position is, if the whole territory of an adjoining district becomes annexed to an independent district, properly and legally under the statute, the result of this annexation is to make the previous tax in each district before merger

absolutely void. We do not so construe the law. Unless the express prescription of the law, or the clear negation of the same, or the necessary implication, by construction, is such, we do not think it was the intention of the lawmakers to produce a result amounting to a total destruction of the taxes for one year, or until another election, where the annexation is such that another could not be voted and collected to meet the necessities of the school for that particular year.

"The presumption against absurd consequences of legislation is * * * no more than the presumption that the legislators are gifted with ordinary good sense. It is applicable, like all other presumptions, * * * only where there is room for construction by reason of the obscurity or ambiguity of the law." Black on Interpretation of Laws, § 46, p. 130.

The argument of inconvenient results, where the language of the law is not clear, either express or implied, has always been a principle of construction, both as to Constitutions and statutes.

In the case of Rockwall County v. Roberts County, 103 Tex. 407, 128 S. W. 369, it is disclosed that Roberts county, prior to December 30, 1888, was unorganized and attached to Wheeler county for judicial purposes. Roberts county organized, detaching itself from Wheeler, on the date mentioned, and before any action of the commissioners' court of the new county (Roberts) or by its officers, with reference to assessment and taxation of property in that county, a contract for jail and courthouse was made, and the district court and Court of Civil Appeals held that the issue of bonds for Roberts county for the purposes stated was not wholly valid, "unless the valuation was assessed in the county which is sought to be taxed by the issue of the bonds," and that said bonds could not be based upon the assessed valuation made by Wheeler county of the property situated in Roberts county, when Roberts was attached to Wheeler, on the theory, we presume, that the assessment by Wheeler of the land in Roberts became nugatory when the latter was organized. The Supreme Court, however, held it could be used, and, while the analogy between the two cases is rather remote, there is some application we think of that case to this.

In the Crabb Case, and the Eagle Lake Case, supra, the independent school districts were attempting to apply a tax to the added territory which had never been voted by the whole district. Though it may be said that the independent district in this instance was attempting to do the same thing, the district judge restricted its acts to an amount, and to a tax, which had legality when voted, as against the constitutional contention here presented, and was legally applicable to the land in that district, unless annexation destroys it; and we are inclined to think that, in case of a merger of two whole districts, a special tax previously voted as a legal tax,

by the voters of each district, could be collected by the agents of the whole district after annexation. The logical consequences of appellant's doctrine is that the independent school district could not collect the 50-cent special tax upon property solely situated in that district, which we believe does not ensue. If the agency of the independent district could collect the 50-cent tax as against the land in that district, as originally constituted, why could not the same agency collect the 20-cent tax applicable to land situated in the common school district as originally existent? We do not see any special inhibition by the Constitution of such a procedure, and the inconvenient and harsh results, ensuing to the community, and the maintenance of the public schools, are such as to induce that construction.

[4] Appellant, in his application for the particular injunction, did not make the independent school district a party to his suit; he only sued the ex officio and city assessor and collector, for the purposes of determining the validity of the tax. The independent school district of itself is a necessary party to this suit, and, that being so, any judgment in this proceeding could not be properly operative against it. Vance v. Miller, 170 S. W. 838; Renshaw v. Arnett, 158 S. W. 1197; Voss v. School District, 18 Kan. 471.

Upon the whole, we think this judgment should be affirmed.

Affirmed.