ANDERSON BROS. v. ELGIN MATHEWS. (No. 1459.) (Court of Civil Appeals of Texas. Beaumont. Jan. 27, 1927.) Appeal from San Jacinto County Court; D. M. Love, Judge. E. W. Love, of Cleveland, for appellant. M. E. Gates, of Huntsville, for appellee.

HIGHTOWER, C. J. This is an appeal prosecuted by Anderson Bros. from a judgment of the county court of San Jacinto county, denying them a recovery of a money judgment sought against appellee for $248.25. Stated very briefly, appellants alleged as their grounds for recovery against appellee that appellee was due them the amount claimed as rent on a farm in San Jacinto county, consisting of two tracts of land, one for 40 and the other 60 acres, for the year 1925. Appellants alleged, in substance, that they were entitled to recover against appellee the value of one-fourth of all cotton and cotton seed that was raised and gathered by appellee on the farm during the year 1925, and that this amounted, in the aggregate, to $248.25, which appellee had declined to pay, and they prayed for judgment accordingly, and asked for foreclosure of their landlord's lien. Appellees answered by general denial and other special pleas unnecessary here to state. The case was tried to a jury and submitted upon special issues, and upon the jury's verdict judgment was rendered, denying to appellants recovery for any amount against appellee. The assignments of error presented here by appellants challenge the action of the trial court in declining to peremptorily instruct a verdict in their favor, and in submitting certain special issues; and also that the jury's verdict is without support in the evidence. There is no statement of facts in the record, without which this court is unable to determine whether there was error in the ruling of the trial court as to any of the matters complained of by appellants, or whether the verdict of the jury is without support in the

evidence. It has therefore been ordered that the judgment be affirmed.

---

2

J. H. BUCHANAN et al. v. T. G. VAUGHT et al. (No. 1464.) (Court of Civil Appeals of Texas. Beaumont. Jan. 13, 1927.) Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge. Tom F. Coleman, of Lufkin, for appellant. Seale & Denman, of Nacogdoches, for appellee.

WALKER, J. In this case neither party has filed a brief. An examination of the record discloses no fundamental error. It follows that the judgment of the trial court must be in all things affirmed, and it is accordingly so ordered. Affirmed.

---

3

E. R. HUCK et al., Appellants, v. PUBLIC FREE SCHOOLS OF CITY OF AUSTIN, Texas, Appellee. (No. 6860.) (Court of Civil Appeals of Texas. Austin. Jan. 12, 1927.) Appeal from District Court, Travis County; Cooper Sansom, Judge. Hart, Patterson & Hart, of Austin, for appellants. T. S. Johnson, of Austin, for appellee.

BAUGH, J. The issue determinative of this appeal is the same as that involved in cause No. 7017, Don Slocomb et al., Appellants, v. Cameron Independent School District et al., Appellees, appealed from the district court of Milam county. In that case, due to the importance of the question involved, and the necessity of having a final judicial determination thereof as soon as practicable, this court certified such question to the Supreme Court in the following language: "As a condition precedent to the right to attend the public schools of a city constituting an independent school district, incorporated in the manner contemplated by article 11, section 10, and article 7, section 3, of the state Constitution, which city has assumed control of the public free schools within its limits as contemplated by said articles, to which district scholastics have been regularly transferred under the provisions of R. S. 1911, art. 2760, has such independent school district authority under the Constitution and laws of this state to charge tuition to such transferred scholastics?" In an opinion of the Commission of Appeals, Section B, written by Judge Ben H. Powell, and adopted by the Supreme Court on December 15, 1926, 288 S. W. 1064, this question was answered in the affirmative. The question in the Slocomb Case is identical with the question involved in this case, and renders discussion by this court unnecessary. Based upon the answer of the Supreme Court to the certified question in the Slocomb Case, the judgment of the trial court in this case is affirmed. Affirmed.