## MUSE et al. v. McKINNEY INDEPENDENT SCHOOL DIST. et al.

### No. 3896.

Court of Civil Appeals of Texas. Texarkana.

Jan. 8, 1931.

Rehearing Denied Feb. 19, 1931.

Mort W. Muse, of McKinney, for appellants.

W. R. Abernathy, of McKinney, for appellees.

WILLSON, C. J.

Virginia Shelley Muse and James Harrison Muse, children within the compulsory school age (article 2892, R. S. 1925) and not entitled to claim exemption from attending school on any of the statutory grounds (article 2893, R. S. 1925), attended the one-teacher school in common school district No. 100, Collin county (where they resided) until they had passed the grades taught in said school. Before August 1, 1929, they were duly transferred from said district to the McKinney independent school district, and on September 2, 1929, were duly accepted, classified, and enrolled in a junior high school in said independent district, which high school they attended without question of their right to do so until November 4, 1929, when they were notified they must pay tuition or cease to attend the school. November 8, 1929, notwithstanding they were still within the compulsory school age, said children were sent home from said high school because of their refusal to pay such tuition. This suit by appellant Mort W. Muse, father of said Virginia Shelley Muse and James Harrison Muse, on his own behalf and as next friend of his said children, was commenced on said November 8, 1929. It was for an "injunction (quoting) restraining the defendants (to wit, the McKinney Independent School District, a corporation, Jack R. Ryan, Superintendent of the McKinney City Schools and the Board of Trustees, naming them, of the McKinney Independent School District) from sending said children Virginia Shelley Muse and James Harrison Muse from said school and from collecting said tuition charges, and commanding said defendants to permit said children to attend school pending the determination of this suit." The trial was to the court without a jury, and resulted in a judgment rendered March 4, 1930, in terms denying the relief appellant prayed for, but continuing in force a "temporary restraining order (quoting) heretofore issued in this cause" upon appellant's entering into "a good and sufficient bond in the sum of $250.00."

We think it sufficiently appears from the statement above that the case has become a moot one, and that the appeal therefore should be dismissed. 3 Tex. Jur. 68, 69, 966. By the terms of the statute (article 2903, R. S. 1925), applicable to all public schools (Gulf, C. & S. F. Ry. Co. v. School Dist. [Tex. Civ. App.] 143 S. W. 353), the scholastic year of the school appellant claimed his children were wrongfully excluded from attending expired August 31, 1930, and no useful purpose would be accomplished by now determining whether they were entitled to attend the school during that year or not.

The appeal will be dismissed.

On Motion of Appellants for a Rehearing.

The sole basis of the relief sought being, as we think after further consideration of the allegations in appellants' petition, a claimed right of the children to attend the high school in the McKinney independent school district free of any charge whatever after being transferred there, and it appearing that the children are still within the age entitling them to the benefit of the state's free schools, we have concluded it was error to hold that the case became a moot one after August 31, 1930, when the scholastic year beginning September 1, 1929, ended. Therefore the judgment of this court dismissing the appeal, rendered here November 6, 1930, will be set aside.

However, we do not think it appeared the children were entitled to attend said high school free of charge, and therefore think, further, that the court below did not err when he refused to grant appellants the permanent injunction they prayed for. As we view it, the case is not materially different in its facts from Slocomb v. Cameron Independent School District, 116 Tex. 288, 288 S. W. 1064, where it was held, under a statute not materially different, so far as the question here is concerned, from the statute now in force, in an answer to a question certified to the Supreme Court, that an independent school district might charge tuition for pupils transferred from other districts (and see Huck v. Public Free Schools of City of Austin [Tex. Civ. App.] 290 S. W. 1118), and City of Dallas v. Love (Tex. Civ. App.) 23 S.W.(2d) 431 (writ of error granted, but on what ground we are not informed), where a similar ruling was indirectly made. The contentions, based on provisions of the Constitution, urged by appellants here, were discussed in those cases, and we think correctly determined.

The motion is granted so far as it is to set aside the judgment dismissing the appeal, but refused so far as it is to reverse the judgment of the court below. Instead, that judgment will be affirmed.