

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

October 8, 1953

Honorable Tom Sealy
Chairman, Board of Regents
University of Texas
Box 670
Midland, Texas

Opinion No. S-103

Re: Interpretation of appropriation
for Post-Graduate School of
Medicine of the University of
Texas, contained in Section 1 of
Article V of Chapter 81, Acts
of the 53rd Legislature, 1953.

Dear Mr. Sealy:

   You have requested our opinion as to whether the Board
of Regents of the University of Texas has correctly interpreted
the appropriation for the Post-Graduate School of Medicine of the
University of Texas, contained in Section 1 of Article V of Chapter
81, Acts of the 53rd Legislature, 1953, page 127, at page 313, to mean
that expenditures from the $50,000 appropriated for the biennium be-
ginning September 1, 1953, "need not be replaced by income received
from tuition fees or otherwise."

   A "revolving fund" has been defined as "a brief expres-
sion of recent coinage which usually refers to a renewable credit
over a defined period. In simple parlance, it relates usually to a sit-
uation where a banker or merchant extends credit for a certain a-
mount which can be paid off from time to time, and then credit is again
given not to exceed the same amount. It may also mean a fund which
when reduced is replenished by new funds from specified sources."
United States v. Butterworth-Judson Corporation, 297 F. 971 (C.C.A.
2d 1924, reversed 267 U.S. 387).

   In Webster's International Dictionary, 2nd Edition, the
term "revolving fund" is defined as "A contingent fund created by the
government from which loans may be made for some specific period
and purpose, as for the purchase of wheat, or to meet the deficiencies
of the railroads; -- so called because the fund 'revolves', or completes
in the course of time the circuit between loans and repayments."

Unless the Legislature contemplated replenishment of the fund appropriated, there would have been no reason for its use of the phrase "revolving fund". As stated by the Court in G. C. & S. F. Ry. Co. v. Blum Independent School District, 143 S.W. 353 (Tex. Civ. App. 1912 Error Ref.), "every word is presumed to have been intentionally used for the purpose of making clear the legislative intent." And, "as a general rule, in construing statutes words are to be given their usual and ordinary meaning unless it clearly appears that a different meaning was intended." Fletcher v. Bordelon, 56 S.W.2d 313 (Tex. Civ. App. 1933 Error Ref.).

In addition to so designating the "revolving fund," the Legislature further provided in the above mentioned Section that, "The revolving fund established by the above item shall be reimbursed out of tuition and other fees collected from physicians and other persons enrolling in post-graduate courses offered or sponsored by the Post-Graduate School of Medicine." The intention of the Legislature seems evident.

It is our opinion that any portion of the $50,000 expended should be reimbursed from "tuition and other fees collected", that only such portion of the $50,000 should be expended as can reasonably be expected to be reimbursed from such tuition and other fees, and that such tuition and other fees collected should be deposited to such revolving fund until all expenditures from the $50,000 have been reimbursed.

## SUMMARY

Any expenditures from the $50,000 revolving fund appropriated to the Post-Graduate School of Medicine of the University of Texas, by Section 1 of Article V of Chapter 81, Acts of the 53rd Legislature, 1953, should be reimbursed from tuition and other fees collected, and only such portion should be expended as can reasonably be expected to be reimbursed from such tuition and other fees collected, which should be deposited to such revolv-

·ing fund until all expenditures therefrom have been reimbursed.

APPROVED:

Yours very truly,

Willis E. Gresham
Public Affairs Division

JOHN BEN SHEPPERD
Attorney General

Burnell Waldrep
Reviewer

By John Atchison
John Atchison
          Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General


JA:da